Xiu Zhen LIU, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, and Immigration and Naturalization Service, Respondents.**

No. 03–40632.

United States Court of Appeals, Second Circuit.

June 21, 2005.

Xiu Zhen Liu, Brooklyn, NY, for Petitioner, pro se.

Katherine W. Vincent, Assistant United States Attorney (Donald W. Washington, United States Attorney, Western District of Louisiana, on the brief), Lafayette, LA, for Respondents.

Present: WALKER, Chief Judge, JACOBS, and LEVAL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the decision of the Board of Immigration Appeals is **AFFIRMED** and the petition for review is **DENIED.**

Petitioner Xiu Zhen Liu seeks review of the August 26, 2003, decision of the Board of Immigration Appeals ("BIA") summarily affirming the April 24, 2002, decision by an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Where, as here, the BIA has affirmed an IJ's decision without opinion, we review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331

F.3d 297, 305 (2d Cir.2003). This court has jurisdiction under 8 U.S.C. § 1252. We assume familiarity with the facts and proceedings below.

Liu raises three kinds of claims in her petition. First, she challenges the IJ's assessment of her testimony, claiming, inter alia, that the IJ found inconsistency between her testimony and her previous written statements where no such inconsistency existed. Second, she reiterates the argument she asserted below that she fears persecution under China's family-planning policy if she has children in the future. Third, we construe Liu's petition to challenge the IJ's determination that she did not merit relief under the CAT.

The IJ found Liu's fear of future persecution based on her tentative plans to have children too speculative to warrant relief. We see no error in this determination. We also find that, on the record as a whole, substantial evidence supports the IJ's factual findings regarding Liu's claims of past persecution and fear of future persecution. *See Secaida–Rosales,* 331 F.3d at 306–07 (explaining applicability of substantial-evidence standard). The IJ relied not only on inconsistency between Liu's written statements and her oral testimony, but also on the substance of that testimony and the fact that Liu provided minimal corroboration of her story. Liu's central contention was that she feared persecution because family-planning authorities sought to punish her as a proxy for her sister, who allegedly gave birth to a second child in violation of China's one-child policy. The IJ found incredible Liu's assertions (1) that she was threatened by Chinese authorities because of her sister's actions and (2) that if Liu were returned to China, she would continue to be persecuted on that ground. Given the "exceedingly narrow" scope of our review of the IJ's factual

findings, *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999), and the deference we grant to an IJ's credibility determinations, *see Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam), we cannot reject the IJ's findings.

Finally, substantial evidence supports the IJ's ruling that Liu's uncorroborated allegations (that she would be tortured if returned to China) were insufficient to merit relief under the Convention Against Torture. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 184 (2d Cir.2004) (CAT claimant must establish "that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal'") (quoting 8 C.F.R. § 208.16(c)(2)).

We have carefully considered all of Liu's arguments and find them to be meritless.

For the foregoing reasons, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED**.